# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60563
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2020

Lyle W. Cayce
Clerk

LANCE E. FELTON,

      Plaintiff - Appellant

v.

CITY OF JACKSON, MISSISSIPPI,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
U.S.D.C. No. 3:18-CV-74

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Lance Felton appeals the district court's summary-judgment dismissal of his Americans with Disabilities Act ("ADA") claims against Defendant-Appellee, the City of Jackson, Mississippi ("the City"). Felton asserts that the district court erred in dismissing his ADA claims because (1) he was a qualified individual with a disability, (2) it was not him

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60563

but the City that frustrated the interactive process, (3) the City failed to accommodate his disability, and (4) his termination for violating the City's attendance policies was pretextual. Felton also contends that issues of material fact made summary judgment inappropriate.

We review a grant of summary judgment de novo and apply the same standard as the district court. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 416 (5th Cir. 2006)). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

We have reviewed the parties' briefs, the record, and the district court's opinion, and we are satisfied that Felton has presented no evidence that (1) he could perform the essential functions of his job as a police lieutenant, even with accommodations, or (2) an alternative position was open and he could perform the essential functions of such a position. He has therefore failed to make a prima facie case for discrimination. *See Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 417–20 (5th Cir. 2017) (affirming summary-judgment dismissal of ADA claims because plaintiff failed to present evidence that he could perform the essential functions of his original job or an alternative and failed to present evidence that an alternative job was available).

We are convinced that the district court was correct in dismissing Felton's claims, so we affirm that court's judgment for the reasons expressed in its opinion.

AFFIRMED.